# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN W. BENITEZ and AGUSTIN R. BENITEZ, | NO. 3:18-CV-01679 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| HILTON WORLDWIDE HOLDINGS, INC., *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before me is a Motion to Amend filed by Plaintiffs Kathryn and Agustin Benitez. (Doc. 25). The Benitezes filed their first complaint on August 21, 2018, seeking damages for injuries stemming from Kathryn Benitez's slip and fall at the Hampton Inn they were staying at on August 24, 2016. (Doc. 1 at 5-6). The complaint was then amended twice to remedy insufficient jurisdictional allegations. (*See* Docs. 3, 5, 17, 18). The Benitezes now move to file a Third Amended Complaint to add or correct the name of a few defendants. (*See* Doc. 25). Because the defendants sought to be added or corrected—"Hampton Inn to Clarks Summit, Inc. now known as Millett Clarks Summit, PA, Inc." and two "John Does"—had sufficient notice of this action and should have known they would have been named as defendants but for a mistake in identity, the Benitezes' Motion to Amend will be granted. Leave to amend will be given, and all other pending motions (which relate to the Second Amended Complaint) will be denied as moot.

## I. Background

In their initial complaint, the Benitezes named the following defendants: Hilton Worldwide Holdings, Inc., Millett Real Estate, and a number of individual Milletts. (Doc. 1 at 1). The Benitezes named these particular defendants because Agustin Benitez, an attorney himself, after sending a fax on December 11, 2016 to the Hampton Inn regarding Kathryn Benitez's accident, received a letter from "Millett Real Estate's" insurer in response.

(Doc. 25 at ¶¶ 13-15). Agustin Benitez received no other indication, from the insurer or any other entity, that Millett Real Estate was not the owner, operator, or possessor of the Hampton Inn. (*Id.* ¶ 19). And just prior to filing the initial complaint, the Benitezes' counsel visited the Hampton Inn in an unsuccessful attempt to confirm the owner, operator, or possessor's identity. (*See id.* ¶ 20).

The complaint was subsequently served on Hilton, Millett Real Estate, and the individual Milletts. When Millett Real Estate moved to dismiss the Second Amended Complaint on March 15, 2019, though—after the statute of limitations had passed—it indicated for the first time that "Hampton Inn to Clarks Summit, Inc. now known as Millett Clarks Summit, PA, Inc." ("Millett Clarks Summit") is the true owner, operator, or possessor of the Hampton Inn the Benitezes stayed at. (*See* Docs. 21, 22; Doc. 25 at ¶ 35). And as it turns out, some of the individual Milletts named as defendants "are officers of the tenant-operator," in addition to being partners of Millett Real Estate. (Doc. 28 at 6). Whether that "tenant-operator" is Millett Clarks Summit or one or more "John Doe" entities is not entirely clear, so the Benitezes seek to add all of them as defendants out of an abundance of caution. (*See* Doc. 25). (For simplicity, I will refer to them collectively as "Millett Clarks Summit").

The Motion to Amend has been fully briefed and is now ripe for review.

## II. Discussion

Federal Rule of Civil Procedure 15 provides for when a party may amend and supplement its pleadings. *See* Fed. R. Civ. P. 15. When a party seeks to amend a pleading outside the applicable limitations period, as is the case here, such amendment must "relate back" to the original, timely pleading; additional rules apply if a new party is to be added:

> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if [the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading] and if, within the period provided by Rule 4(m) for serving the summons and complaint

2

> [*i.e.*, 90 days], the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure . . . for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010).

Rule 15(c)(1)(C) requires the Benitezes to first show that during the Rule 4(m) period, Millett Clarks Summit "received such notice of the action that it will not be prejudiced in defending on the merits . . . ." Fed. R. Civ. P. 15(c)(1)(C)(i). The Benitezes have made this showing, through the "identity of interest" method of imputing notice. Under this method, if the original party and the new party sought to be added are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other," notice will be imputed to the newly named entity. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 197 (3d Cir. 2001). "Typically, the intended defendant receives notice of the action and is aware of plaintiff's mistake because service is made on one of its agents, who may or may not also be an agent for the named defendant." 6A Charles A. Wright *et al.*, *Federal Practice and Procedure* § 1499 (3d ed. 1998). That is precisely the case here. Three of Millett Real Estate's partners named as defendants (Brett Millett, Daniel Millett, and John T. Millett) are also officers of the "tenant-operator," Millett Clarks Summit. (*See* Doc. 26 at 9; Doc. 28 at 6-7). As such, Brett, Daniel, and John T. Millett are agents for service of process of both Millett Real Estate and Millett Clarks Summit, thereby imputing the notice they received on Millett Clarks Summit. *See* Fed. R. Civ. P. 4(h)(1)(B); *Singletary*, 266 F.3d at 197; *see also De Coelho v. Seaboard Shipping Corp.*, 535 F. Supp. 629, 637 (D.P.R. 1982) ("The interlocking common officers of the three Moran corporations, the similarity in names and the closely related operations are factors that may be considered in determining an identity of interests between the

corporations."); *Marino v. Gotham Chalkboard Mfg. Corp.*, 259 F. Supp. 953, 954 (S.D.N.Y. 1966) ("Both are small New York corporations with identical organizers, officers and directors. Both have identical offices. This identity of management and location clearly establishes that notice to one was notice to the other corporation."); *Williams v. Pa. R.R. Co.*, 91 F. Supp. 652, 655 (D. Del. 1950); *Hartford Accident & Indem. Co. v. Interstate Equip. Corp.*, 74 F. Supp. 791, 793 (D.N.J. 1947), *appeal dismissed*, 176 F.2d 419 (3d Cir. 1949).

In order to meet the second prong of the Rule 15(c)(1)(C) test, the Benitezes must show that Millett Clarks Summit "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). For essentially the same reasons the Benitezes established the first prong of the Rule 15(c)(1)(C) test, the Benitezes have also made this showing. The interrelationship between Millett Real Estate and Millett Clarks Summit, their shared officers, and the similarity in the entities' names should have signaled to Millett Clarks Summit that it was the proper entity to be sued. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 556 (2010).

Defendants, in their Memorandum in Opposition, assert that the Benitezes not only knew about Millett Clarks Summit when filing their complaint, but made a conscious decision not to sue the entity. (Doc. 28 at 4). But that is beside the point. Rule 15(c)(1)(C)(ii) asks whether the defendant knew or should have known which entity was to be sued, not whether the plaintiff knew or should have known. *Krupski*, 560 U.S. at 548. Moreover, even if the Benitezes had knowledge of Millett Clarks Summit's existence at the time of filing their initial complaint, that knowledge did not preclude them from making a mistake as to that entity's role in the matter—especially given the Hampton Inn's insurer listed Millett Real Estate as the insured. *See id.* at 549.

In sum, the Benitezes have shown that Millett Clarks Summit received timely notice of this action, and that Millett Clarks Summit knew or should have known that it would have been named as a defendant but for a mistake in identity. As all of the Rule 15(c)(1)(C)

4

elements have been met, the Benitezes' Motion to Amend will be granted.

### III. Conclusion

For the above stated reasons, the Benitezes' Motion to Amend will be granted. All other pending motions relating to the Second Amended Complaint will be denied as moot.

An appropriate order follows.

<u>May 15, 2019</u>  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge